expired ; but those cases were cited under a particular statute in that State, and are not applicable to a case like this. It is stated in the complaint that the debtor has no property in his hands whatever, and that it has all been transferred to Stanford Brothers. This being confessed by the demurrer, there was no necessity for an execution at all, as the effort to pursue the debtor's property under such circumstances was utterly useless. The Supreme Court, in a recent case, has decided that a creditor's bill may be maintained in some cases before judgment.

The complaint states that this assignment was made to prefer creditors. If so, it was fraudulent as to the plaintiff. It also shows that the debtor retained an interest in the property assigned, and if so, the assignment was void on this ground also, and there was no necessity for setting out the particular agreement or instrument by which the assignment was made.

The demurrer is overruled with leave to defendants to answer, by paying costs.

## ROOP *vs.* HUMPHREYS.

*Twelfth Judicial District Court, August,* 1857.

### MALICIOUS ARREST—DEMURRER.

In an action for maliciously arresting plaintiff in a civil suit, the complaint must show, either a termination of the former suit in favor of present plaintiff, or his discharge from the arrest by order of the judge.

Roop complained that Humphreys in a civil action in the same court in which Humphreys was plaintiff and Roop & Roop defendants, " wrongfully and without legal cause or justification," procured from Edward Norton, judge of said court, an order of arrest commanding the sheriff to arrest this plaintiff and hold him to bail in $1175 ; that Humphreys caused plaintiff to be arrested under said order, and imprisoned for twenty-one hours, and until plaintiff was obliged to give, and did give bail in said action,—whereas Humphreys at, &c., " had no just cause nor legal authority for said proceeding against plaintiff."

Roop *vs.* Humphreys.

That plaintiff was greatly injured and had to expend $200 in procuring his release.

Damages laid at $3,000.

General demurrer.

*Campbell & Pratt,* for plaintiff.

*J. Clarke,* for defendant.

Defendant's points :

1.  That there is no malice shown.
2.  That there is no want of probable cause shown.
3.  That there is no termination of the original action shown.

Defendant cited, 2 Chitty, Pl., 600, notes ; 3 Phill. Ev., 255-260 ; 2 Greenleaf Ev., Sec. 454-5-7, 449 ; 1 Greenleaf Ev., Sec. 78 ; Boyce *vs.* Brown, 7 Barb., S. C. R., 84 ; Russell *vs.* Clapp, 4 How. Pr. R., 374 ; Matoon *vs.* Eder, 6 Cal. R., Jan. T.

Demurrer sustained with leave to amend.

Amended complaint set out that defendant " maliciously, and without any reasonable or probable cause," caused plaintiff to be arrested under process issued in a civil suit, setting out fully, facts to show malice or want of probable cause—but is silent as to termination of first suit or discharge of plaintiff from the arrest.

General demurrer.

Defendant relies on complaint not showing termination of first suit, or discharge of plaintiff by order of the court or judge, and cites :— 6 Wendell, 418 ; 7 Cow., 715 ; 2 Selwyn., N. P., 1067 ; 20 Barb., S. C. R., 441 ; 7 Cow., 715 ; Mattoon vs. Elder, 6 Cal. Jan. T.

Plaintiff cited, 16 M. & Welsby, 200, Daniel *vs.* Fielding, and contended that under a practice of arrest and bail, by statute in England, similar in substance to that of California, the old common law rule requiring a termination of suit to be shown, was there abrogated and no longer necessary.

NORTON, J.—Sustained the demurrer, and decided that under the practice act of California, it was essential to show either a termination of the original suit favorably to defendant, or his discharge by order of the court or judge.